UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| THOMAS RIDGEWAY, ) | |
| ) | |
| Plaintiff, ) | No. 5:12-CV-00129-JBC |
| ) | |
| V. ) | |
| ) | |
| JACK TELLE, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

On May 24, 2012, the court entered an order denying plaintiff Thomas Ridgeway's motion to proceed *in forma pauperis* and ordered him to pay the filing fee within 21 days [R. 11]  Instead of paying the fee within the time permitted, Ridgeway has asked the court to certify that order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  [R. 19]

Under Section 1292(b), a district court may permit immediate appeal from an otherwise non-final order when it decides a legal issue which will likely control the outcome of the case and over which there is reasonable ground for disagreement if doing so will significantly shorten the amount of time required to conclude the case.  *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).  Because an appeal takes considerable time to be decided, such circumstances are quite rare, and certification should be granted only in the exceptional case.  *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).

The "three strikes" provision of 28 U.S.C. § 1915(g) – the legal ground upon which the court's order was predicated – does not involve a legal question over which there is significant disagreement.  The court has already addressed Ridgeway's request for equitable exceptions to the rule [R. 15] but the language in Section 1915(g) is mandatory

and may not be disregarded. The court will deny Ridgeway's request to certify an interlocutory appeal.

Further, the June 14 deadline to comply with the court's order has come and gone, and Ridgeway has not paid the $350.00 filing fee as required. *Farnsworth v. Baxter*, 2008 WL 1840739, at *2 (W.D. Tenn. 2008) (motion for interlocutory appeal did not toll time period to respond defendants' summary judgment motion). The court will therefore dismiss this proceeding without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). *Palasty v. Hawk*, 15 F. App'x. 197, 199-200 (6th Cir. 2001). As previously indicated [R. 15], this dismissal does not relieve Ridgeway of his obligation to pay the $350.00 filing fee. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Accordingly, **IT IS ORDERED** as follows:

(1) Thomas Ridgeway's "Motion for Order for Interlocutory Appeal" [R. 19] is **DENIED**;

(2) This proceeding is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with an order of the court. Fed. R. Civ. P. 41(b);

(3) Ridgeway, Kentucky Department of Corrections ("KDOC") Inmate No. 160952, is assessed the $350.00 civil filing fee for this action and is liable for the payment of the entire filing fee. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002);

(4) The clerk of the court shall open an account in Ridgeway's name for receipt of the filing fee and shall serve a copy of this order and a notice of payment form (E. D. Ky. 525), complete with (a) Ridgeway's name, (b) his inmate number, and (c) this case number, upon the Warden of the institution in which he is currently confined and upon the

KDOC in Frankfort, Kentucky; and

  (5) Ridgeway's custodian shall submit payments from his inmate account, as and when funds are deposited therein, until the full $350.00 filing fee has been paid to the clerk of this court;

  (6) The court will enter an appropriate judgment.


Signed on   June 19, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3